FILED
JAMES J. VILT, JR. - CLERK

MAY 11 2022

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                          CRIMINAL NO. 5:21-CR-31-TBR-1

BOBBY JOE MERRICK                                                    DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by Michael A Bennett, United States Attorney for the Western District of Kentucky, and defendant, Bobby Joe Merrick, and his attorney, Emily Roark, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 18, United States Code, Section 1349 (*Conspiracy to Commit Wire Fraud*) and Title 18 Untied States Code 1349 (*Wire Fraud*).

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Counts 1-6 in this case. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

On or about and between September 19, 2016 and May 5, 2021, in the Western District of Kentucky, Lyon County, Kentucky, and elsewhere, the Defendants, BOBBY JOE MERRICK and GERALD KENT KINGSTON, knowingly and willfully devised and intended to devise, a scheme and artifice to defraud and to obtain money from Gavilon Grain LLC (hereinafter Gavilon) by

means of false and fraudulent pretenses, representations, and promises and, in furtherance of the scheme and artifice to defraud, did knowingly and willfully transmit and cause to be transmitted, in interstate commerce, wire communications and transmissions, in violation of 18 U.S.C. § 1343.

As part of the scheme to defraud, the Defendants, BOBBY JOE MERRICK and GERALD KENT KINGSTON, caused a scale ticket to be created for a truck load of product without conducting sampling and testing of the product that BOBBY JOE MERRICK delivered to Gavilon's grain elevator and thereby caused fraudulent scale ticket information to be sent via interstate wire transmission from Kentucky to Nebraska to credit BOBBY JOE MERRICK for a load of product that had not been sampled or tested.

As part of the scheme to defraud, the Defendants, BOBBY JOE MERRICK and GERALD KENT KINGSTON, caused two scale tickets to be created for a single truck load of product that BOBBY JOE MERRICK delivered to Gavilon's grain elevator and thereby caused fraudulent scale ticket information to be sent via interstate wire transmission from Kentucky to Nebraska to credit BOBBY JOE MERRICK for a fictitious load of product.

As part of the scheme to defraud, BOBBY JOE MERRICK would receive payment for the load of product that had not been sampled or tested and payment for the fictitious load of product and would thereafter pay cash to GERALD KENT KINGSTON.

As part of the scheme to defraud, the Defendants, BOBBY JOE MERRICK and GERALD KENT KINGSTON, caused Gavilon to pay BOBBY JOE MERRICK approximately $354,870.11 for fictitious loads of product. The parties agree that the total offense conduct will include theft of $354,870.11.

In addition, the defendant admits that the following facts stated in Counts 2-6 of the Indictment are true:

    A.    On October 27, 2016, the defendants caused BOBBY JOE MERRICK to receive a payment of $7,442.50 from Gavilon for a fictitious load of yellow soybeans.

    B.    On November 15, 2017, the defendants caused BOBBY JOE MERRICK to receive a payment of $6,984.12 from Gavilon for a fictitious load of yellow soybeans.

    C.    On October 7, 2018, the defendants caused BOBBY JOE MERRICK to receive a payment of $2,273.14 from Gavilon for a fictitious load of yellow corn.

    D.    On June 18, 2019, the defendants caused BOBBY JOE MERRICK to receive a payment of $2,668.33 from Gavilon for a fictitious load of soft red wheat.

    E.    On October 15, 2020, the defendants caused BOBBY JOE MERRICK to receive a payment of $6,456.60 from Gavilon for a fictitious load of yellow soybeans.

4.    Defendant understands that the charge to which he will plead guilty carries a maximum term of imprisonment of not more than 20 years, a maximum fine of $250,000, and up to a 3 year term of supervised release for each count of this indictment. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charge to which he will plead guilty he may be ordered to forfeit any and all property, real and personal, that constitutes or is derived, directly and indirectly, from gross proceeds obtained as a result of this Indictment.

5.    Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal

law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

 A. If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

 B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other

4

evidence in his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

   C.   At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If Defendant desired to do so, he could testify in his own behalf.

8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9. Defendant agrees that the amount of restitution ordered by the Court shall include defendant's total offense conduct, and is not limited to the counts of conviction. Defendant agrees that restitution will be joint and several with his co-defendant. The parties agree that the restitution shall be ordered due and payable at sentencing. Defendant agrees that any payment schedule imposed by the Court is without prejudice to the United States to take all actions available to it to collect the full amount of the restitution at any time. Restitution payments shall be made payable to the U.S. District Court Clerk at 501 Broadway, ste 127, Paducah, KY 42001. The restitution shall be paid to or on behalf of the following victim:

| Victim | Amount |
|---|---|
| Gavilon, LLC | To be determined at final sentencing (Parties agree that restitution shall not be less than $354,870.11, joint and several between Merrick and Kingston) |

5

Defendant agrees that not later than 45 days from entry of the Plea Agreement, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's assets/financial interests. Defendant authorizes the United States to run credit bureau reports prior to sentencing, and Defendant will sign releases authorizing the United States to obtain Defendant's financial records. Defendant understands that these assets and financial interests include all assets and financial interests in which Defendant has an interest, direct or indirect, whether held in Defendant's own name or in the name of another, in any property, real or personal. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since the date of the first offense, including the location of the assets and the identity of the third party. Defendant agrees that the United States may share the contents of the reports and financial disclosures with the Court and U.S. Probation.

Defendant agrees to submit to a deposition in aid of collection at times and places that the United States directs. If the Defendant has a financial advisor or accountant, Defendant agrees, at her expense, to make them available to aid the United States in determining Defendant's net worth. Defendant authorizes the United States to file notice of Lis Pendens prior to judgment on any real property Defendant owns either individually or jointly. Defendant agrees to her name and debt being added to the Treasury Offset Program.

Upon execution of the Plea Agreement, Defendant agrees not to transfer, sell, or secrete any of Defendant's property, real or personal, held jointly, individually or by nominee/third party, valued at $5,000 or more without first advising the United States not less than 10 days before the proposed sale or transfer. Defendant agrees that failure to comply with any of the provisions of this Agreement constitutes a material breach of the Plea Agreement and Defendant agrees that the

United States is relieved of its obligations under this Agreement and/or may not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) However, the Defendant may not withdraw her guilty plea because of her breach. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

      10.     Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100.00 per count to the United States District Court Clerk's Office by the date of sentencing.

      11.     At the time of sentencing, the United States will:

-recommend a sentence of imprisonment at the lowest end of the applicable guideline range, but not less than any statutory minimum term of imprisonment.

-that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing if the Court determines that the defendant has the ability to pay.

-agree that a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) [and (b)] is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility.

-request payment of restitution of not less than $354,870.11.

      12.     Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

      A.     The Applicable Offense Level should be determined as follows:

7

The parties will review the guideline calculations by the United States Probation Office and reserve their rights to make objections, if any, to those.

B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of Defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

13. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

14. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

15. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

16. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

17. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

19. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

20. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of

this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

21. The Defendant understands and agrees that consistent with the provisions of 18 U.S.C. § 3143, following the change of plea Defendant may be detained pending sentencing.

22. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to Defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
United States Attorney
By:

_____        5/11/22
Raymond Dycus McGee                    Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____        5-11-22
Bobby Joe Merrick                      Date
Defendant

     I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____        _____
Emily Roark       Date
Counsel for Defendant

MAB:RDM

11